621 F.2d 959
 1980-2 Trade Cases 63,401
 Richard G. BAIN, on behalf of himself and all others
similarly situated, Plaintiffs-Appellants,
v.
Artie G. HENDERSON; Mack P. Lovett; Robert J. Stahl, Jr.;
Larrie R. Brainard; Don Martinson; and Charles F.
Stevens, Defendants-Appellees.
 No. 77-2781.
 United States Court of Appeals,
Ninth Circuit.
 June 16, 1980.
 
 Richard G. Bain, San Diego, Cal., pro se.
 Lloyd M. Harmon, Deputy County Counsel, San Diego, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of California.
 Before MERRILL and TRASK, Circuit Judges, and EAST,* District Judge.
 TRASK, Circuit Judge:
 
 
 1
 Bain appeals from the district court's dismissal of his antitrust action against several San Diego municipal court judges who struck his name from a list of attorneys from which appointments to represent indigent criminal defendants were made. The district court dismissed the suit for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), holding that the acts complained of did not affect interstate commerce as required by the Sherman Act, 15 U.S.C. §§ 1, 2. We affirm.
 
 
 2
 Bain's name was struck from the list after a courtroom altercation between Bain and one municipal court judge, on the ground that Bain's behavior was egregiously rude and disrespectful. Bain alleged that the real reason for his removal was his unwillingness to waive certain procedural protections his clients enjoyed. Bain alleges that the municipal court judges and some attorneys were involved in a conspiracy to force appointed counsel to waive such protections.
 
 
 3
 In support of his Sherman Act claim, Bain contends that the municipal court procedure for appointing counsel to represent indigent defendants affects interstate commerce. Consequently, Bain argues, there is jurisdiction under the Sherman Act. In resolving this issue, we are guided by the recent Supreme Court Opinion in McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980). In McLain, a unanimous Court carefully distinguished between two tests for determining whether Sherman Act jurisdiction was established:
 
 
 4
 Although the cases demonstrate the breadth of Sherman Act prohibitions, jurisdiction may not be invoked under that statute unless the relevant aspect of interstate commerce is identified; it is not sufficient merely to rely on identification of a relevant local activity and to presume an interrelationship with some unspecified aspect of interstate commerce. To establish jurisdiction a plaintiff must allege the critical relationship in the pleadings and if these allegations are controverted must proceed to demonstrate by submission of evidence beyond the pleadings either (1) that the defendants' activity is itself in interstate commerce or, (2) if it is local in nature, that it has an effect on some other appreciable activity demonstrably in interstate commerce.
 
 
 5
 McLain, 100 S.Ct. at 509. See also, Thornhill Publishing Co. v. General Telephone & Electronics Corp., 594 F.2d 730, 736-37 (9th Cir. 1979).
 
 
 6
 Bain identifies the interstate commerce of criminal activity as the "relevant aspect of interstate commerce" and alleges that the defendants' conspiracy substantially restrained his ability to provide legal services. It is clear that defendants' activities were not, in themselves, in interstate commerce. Bain, however, alleges that the defendants' concededly local activities were an "integral part" of the interstate commerce of crime. Bain argues that defendants' activities are therefore "in interstate commerce" within the rule of Goldfarb v. Virginia State Bar, 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975).[1]
 
 
 7
 In order to invoke Goldfarb, plaintiff must prove that the defendants' local activities were an "integral part" of the interstate commerce of crime, and that they were both essential to and inseparable from the interstate transactions involved. McLain, supra, 100 S.Ct. at 510. In other words, under Goldfarb, an apparently local activity will be considered "in interstate commerce" when it is an essential component of an inseparable interstate activity. We agree with the district court that under no conceivable set of facts could Bain establish that defendants' appointment activity constitutes such an indispensable and inseparable component of the interstate commerce of criminal activity. Unlike the legal services in question in Goldfarb, which were required during the course of every real estate financing transaction, the legal services in the present case do not comprise a part of interstate criminal transactions at all. These legal services are provided after the fact, and would have no substantial impact on the planning or implementation of interstate criminal activities.
 
 
 8
 Having concluded that Bain may not establish jurisdiction under the "in commerce" test, we must consider whether jurisdiction may be predicated upon the "effect on commerce" test. In McLain, supra, the Supreme Court noted that two inquiries comprise the "effect on commerce" test. First, we must determine whether there is a substantial volume of interstate commerce involved in the overall criminal activity related to the San Diego area. Second, we must determine whether the appointment activities of the defendant judges have "a not insubstantial effect on the interstate commerce involved" in a practical sense. McLain, supra, 100 S.Ct. at 511. See Hospital Building Co. v. Trustees of Rex Hospital, 425 U.S. 738, 745, 96 S.Ct. 1848, 1852, 48 L.Ed.2d 338 (1976); Goldfarb v. Virginia State Bar, supra, 421 U.S. at 784 n.11, 95 S.Ct. at 2011 n.11. In the present case, we are convinced, as was the district judge, that under no conceivable set of facts could the defendant judges, in selecting attorneys for the court appointment list, be shown to have had a more than an insubstantial effect on the interstate commerce aspects of criminal activity. See Devoto v. Pacific Fidelity Life Insurance Co., 516 F.2d 1, 4 (9th Cir.), cert. denied, 423 U.S. 894, 96 S.Ct. 194, 46 L.Ed.2d 126 (1975) ("the test of jurisdiction is not that the acts complained of affect a business engaged in interstate commerce, but that the conduct complained of affects the interstate commerce of such business").[2]
 
 
 9
 The selection of attorneys for the court appointed list is neither in interstate commerce nor does it have more than an insubstantial effect on interstate commerce. The district court was correct in dismissing this action for lack of subject matter jurisdiction.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable William G. East, Senior Judge from the District of Oregon, sitting by designation
 
 
 [1]
 In McLain, supra, the Court discussed the Goldfarb decision and clarified its applicability to the jurisdictional issue. The Court noted that the "integral part" test of Goldfarb was an extension of the "in commerce" basis for finding Sherman Act jurisdiction and that it was unrelated to the "effect on commerce" jurisdictional inquiry. McLain, supra, 100 S.Ct. at 510. This distinction was unclear to the plaintiff at the time his complaint was drafted. We will consequently examine both the "in commerce" and the "effect on commerce" tests, as clarified by the Court in McLain, to determine whether the district court had subject matter jurisdiction over the present dispute
 
 
 [2]
 It should be emphasized that in making this determination we do not look to the interstate commerce effects of the particular activities which are allegedly unlawful. Instead, we must examine defendants' preparation of the attorney selection list generally and determine whether this activity has any impact on interstate commerce. McLain, supra, 100 S.Ct. at 509; Western Waste Service Systems v. Universal Waste Control, 616 F.2d 1094 (9th Cir. 1980)